Mary Gent *versus* Sarah Ann Gray, *Administratrix.*

Neither by the common law, nor by the provisions of R. S. chap. 104, § 18
and 36, do actions of tort for the misfeasance of sheriffs or constables
survive, as against their legal representatives.

CASE, for the misfeasance and neglect of Ebenezer F. Gray
as constable of the city of Portland, in not serving in due

season upon the trustee, a writ of attachment and trustee process sued out by the plaintiff against one George Dyer and trustee.

At the trial, before GOODENOW, J., in the District Court, the defendant moved a nonsuit, on the ground that the action, as set forth, was a tort and did not survive. The motion was allowed, and exceptions taken.

*A. W. & J. M. True*, for plaintiff, contended that the common law, by the operation of which this action would abate with the death of the wrongdoer, had been changed by the express provisions of the statutes. 'R. S. chap. 104, § 36 and 18.

The cause of action survives, and this action is rightly conceived, and commenced in the right manner and form. R. S. chap. 104, § 13, 14, 18 and 36.

*Shepley* and *Dana*, for defendant, contended that this action does not survive against the administratrix of a constable. R. S. chap. 104, § 18.

The opinion of the Court, (HOWARD, J. taking no part in the decision, having been of counsel in the case,) was given orally by

TENNEY, J. — The only question in this case is, whether an action of tort survives against the administrator. And the plaintiff relies upon the statutes of this State, to show that the cause of action survives, citing chap. 104, § 18 and 36 of R. S.

Are these two sections sufficiently broad to include this case? The last section does not extend to the present case in words, and merely gives a remedy upon the bond, but makes no such provision, that the oiginal cause of action survives as against a sheriff. *Nonsuit confirmed.*